## DULL v STATE

Ohio Appeals, 3rd Dist, Seneca Co.
No. 210. Decided May 22, 1930

Spitler & Flynn, Tiffin, for Dull.

George E. Schroth, Jr., Prosecuting Attorney and George E. Schroth, Sr., both of Tiffin, for State.

Judges WILLIAMS and RICHARDS (6th Dist.) and JUSTICE (3rd Dist.), sitting.

JUSTICE, J.

A large number of errors are presented, but the claims of error to which counsel for Dull invite our attention by briefs and oral arguments and upon which reliance is placed for a reversal, are:

First: Errors in the admission of testimony.

Second: Errors in the charge.

Third: Verdict not sustained by sufficient evidence.

We will consider these assignments of error in the order named.

1. Dull, while confined in the county jail at Tiffin awaiting trial upon the charge at bar, attempted to break jail. At the trial of this case upon its merits, the sheriff of Seneca County was called as a witness for the State of Ohio, and over the objection of the accused, was permitted by the trial court to testify to Dull's attempt to escape from the jail. Counsel for Dull contend that such testimony was improperly received in evidence. With such contention we are not in accord. We quote from Underhill on Criminal Evidence, 2nd Edition, Section 118:

"The attempts of the accused to escape while confined in jail may be shown as circumstances proper to be considered, and to be given such weight as they are fairly entitled to, with the other evidence, in determining the guilt or innocence of the accused."

It appears, however, that Dull was an escaped convict from the Ohio penitentiary and his counsel insist that by reason of that fact said testimony was not admissible, and that its reception by the trial court over their objection, constitutes reversible error. This proposition, in the light of the record, is not tenable.

We learn from the record that Dull was not in jail awaiting trial for two distinct crimes. He was in jail awaiting trial for murder. The fact that he was an escaped convict does not appear in the record until after the State of Ohio had rested its case in chief. It was while the accused was upon the witness stand and while being examined by his counsel, that the court and jury first learned that he was an escaped convict. Thereafter no request was made by the accused of the trial court to withdraw from the consideration of the jury, the testimony complained of. In such a state of the record, the accused can not now be heard to complain about it. Whether the accused could or could not be heard to complain if the record were otherwise, we do not decide. Furthermore, Dull admitted the attempted robbery and shooting of Tish. Hence said testimony was not prejudicial.

Save and except the claimed error aforesaid, counsel do not point out in their brief wherein the trial court erred in the admis-

sion of evidence. We have, however, carefully examined the record, and without setting forth and commenting upon the many rulings of the trial court on the testimony offered, find and hold that no prejudicial error has intervened in the trial of the case in that respect.

2. Coming now to the charge. The trial court did not charge the jury that "it must not consider the punishment, but that the punishment rests with the judge." Counsel for the accused claim that the trial court should have so charged and that its failure to do so was prejudicial to their client.

Section 13442-9 GC. so far as pertinent here, provides that:

"The court must state to the jury that in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge, as may be provided by law, except in cases of murder in the first degree or burglary of an inhabited dwelling."

This is a first degree murder case, and manifestly this claim of error, by the very terms of the statute, is not well taken.

The trial court, in part, charged the jury as follows:

"A human life and liberty are at stake on one side, and the interests of society are at stake on the other. You should give both of them fair and full consideration and do your duty, in view of the responsibility resting upon you as jurors, and render such a verdict as your conscience can approve."

It is urged by counsel for the accused that this portion of the charge removes the presumption of innocence, raises a presumption of guilt, tells the jury that an acquittal would prejudice society and that a conviction would be in the interest of society, informs the jury that the trial court believes that the accused is guilty, and establishes a burden of proof contrary to the rule of reasonable doubt. With these contentions we do not agree. The charge must be construed as a whole. **96 Ohio St., 36, 39,** and **98 Ohio St., 77.** And when so taken, it is not only correct, but an exceptionally well written, concise and complete charge, —one that really instructs.

3. The last claim of error relates to the sufficiency of the evidence. In order to pass upon this assignment of error, we were compelled to, and have, read the entire record. Counsel and the accused are, of course, thoroughly acquainted with the facts. To review them at length in this opinion is, therefore, unnecessary. Suffice it to say, that Dull and his companion, Brown, on the evening of November 20, 1929, between the hours of eight and nine, went to a filling station in the City of Fostoria for the sole purpose of robbing the attendant, Roy Tish. While attempting to perpetrate the robbery, Tish shot Brown and Dull shot Tish, who the following day died as a result thereof. Dull and Brown, who had driven to the filling station in a stolen Ford coupe, fled from the scene of the crime in said car. Thereafter, they were apprehended, Brown at Sandusky in a hospital where he had been taken for medical attention, and Dull at or near Carthage in the State of Indiana. Dull and Brown admitted the attempted robbery and the shooting of Tish by Dull. Two patrolmen testified that Dull had told them that he shot Tish because "it made him so mad to think that he had shot Brownie and it wasn't the attendant's money that he was guarding." Dull denied making this statement.

Dull, while upon the witness stand, claimed that he did not want to rob the filling station but that Brown did. He told the court and jury that he drove up to the filling station to purchase a quart of oil and that without his knowledge Brown attempted to hold up Tish. On cross examination, however, he admitted that he had told Brown that "if things looked alright I would hold him up." He said that he had no intention of either robbing or shooting Tish and that he shot Tish in self-defense, Tish having first shot at him. There is, however, evidence tending to show that Tish did not shoot at Dull.

Dull was unemployed from June to November, 1929, and during that time was, according to his own testimony, engaged in "holding up filling stations." He stole twelve to fifteen automobiles and robbed ten to twelve filling stations. He had been an inmate of the Ohio State Reformatory and had "served time" at the Ohio penitentiary, and on the night he shot Tish, was planning to hold up a car barn at Lorain on the morning of November 21st. He had theretofore held up said car barn.

The foregoing brief review of the facts in this case show how unwarranted this claim to error is. Unquestionably, the verdict is supported by the degree of proof which the character of the case requires.

All other claims of error have been carefully examined and found to be without merit.

Upon the whole case, we are unanimously of the opinion that Dull had a fair trial. Entertaining these views, it follows that the judgment of the court of common pleas should be affirmed.

WILLIAMS and RICHARDS, JJ., concur.